## CIRCUIT COURT OF WASHINGTON COUNTY

Coleman

v.

Tritt

May 18, 1990

Case No. 89-154

By JUDGE CHARLES H. SMITH, JR.

I have reviewed the file on this matter, including pleadings, exhibits, etc., and have considered the same in light of the arguments of counsel made and authorities cited at the hearing held herein on March 23, 1990. The matter is before the court on the defendant's demurrer and motion for summary judgment.

This lawsuit was filed by the plaintiff on August 30, 1989, seeking judgment against the defendant in the amount of $12,000.00 plus interest on account of an alleged loan made by the plaintiff to the defendant in 1985. By admission, this was an oral contract between the parties. The defendant has demurred to the pleadings claiming that the action is barred by the applicable statute of limitations. The plaintiff, on the other hand, has alleged that the loan has been "repeatedly reaffirmed" and that the cause has been revived by the defendant having made partial payments.

As stated, the defendant has demurred claiming that the motion for judgment fails to state a cause of action for which relief can be granted since the action is barred by the statute of limitations. Further, the defendant seeks summary judgment since the plaintiff, in his answer to admissions, has admitted that this action is based

upon an oral contract. A demurrer, of course, admits the truth of all material facts properly pleaded, including those impliedly alleged or that may be fairly and justly inferred from the facts alleged.

It is conceded that § 8.01-246(4) contains the limitation period applicable to this action. That section provides as follows:

> Actions founded upon a contract . . . shall be brought within the following number of years next after the cause of action shall have accrued . . . .
> (4) In actions upon any unwritten contract, express or implied, within three (3) years.

As noted above, it is admitted that this action is founded upon an oral contract made in 1985. This suit was filed August 30, 1989. Thus, it would appear that the action is barred unless it fits within some recognized exception. Section 8.01-229(G) of the Code provides as follows:

> *Effect of new promise in writing.*
> (1) If any person against whom a right of action has accrued on any contract . . . promises, by writing signed by him or his agent, payment of money on such contract, the person to whom the right has accrued may maintain an action for the money so promised, within such number of years after such promise as it might be maintained if such promise were the original cause of action. An acknowledgment in writing, from which a promise of payment may be implied, shall be deemed to be such promise within the meaning of this subsection.

The plaintiff here pleads, without specificity, that the defendant has "repeatedly reaffirmed" this obligation. There is no allegation in the pleadings of any written acknowledgment of the obligation to repay. Nor are any facts pleaded from which such a promise might be fairly implied or inferred. However, the plaintiff relies upon the doctrine of partial payment and has cited the West

Virginia case of *Greer Limestone Company v. Billy G. Nestor*, 332 S.E.2d 589 (W. Va. 1985), in support of his position. That case involved a suit on an open account brought after the applicable statute of limitations had run. The trial court sitting without a jury held that certain partial payments made by the debtor tolled the statute of limitations for the creditor's action and allowed judgment for the creditor.

The Supreme Court of West Virginia affirmed. West Virginia has a statute, patterned after Virginia's, concerning the effect of a new promise in writing. The court acknowledged the majority rule to be as follows:

> The rule in most jurisdictions is that partial payment on a debt may start the statute of limitations running anew where the payment is made voluntarily by a debtor under circumstances that warrant a clear inference that the debtor recognizes the whole debt to be subsisting and demonstrates his willingness or obligation to pay the balance of the debt . . . .
>
> Finally, the burden of proof rests on the creditor to demonstrate that the statute of limitations has been renewed by partial payment.

While recognizing the reason and necessity for a rule which precludes oral promises to pay as being too easily asserted, the court went on to note that the same does not apply where partial payment is made since that must impliedly be taken as an acknowledgment of the debt. They stated:

> We conclude that the abolishment of oral promises to pay . . . cannot be read to mean that the statute was also directed at excluding the doctrine of partial payment.

The very significant distinction between that case and the one at bar is that in that case suit had already been brought on the account once and dismissed after the debtor agreed to pay off the account. The debtor then did, in fact, make several payments by check on the account

which were introduced into evidence and which carried the notation "on account" and in some instances even the account number. Clearly, there was sufficient evidence in that case from which the fact-finder could and did conclude that these checks constituted written acknowledgment of the debt and a new promise to pay.

In the case at bar, no facts are pleaded alleging any new promise in writing, nor are there any from which the same could be inferred. There is only the bare assertion that "the defendant has repeatedly reaffirmed his obligation to repay the loan." The motion for judgment is, therefore, insufficient on its face, and the court will grant the demurrer. Counsel for the plaintiff may have ten days within which to amend his pleadings if he be so advised. The court will reserve ruling on the motion for summary judgment until that time expires.